IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Alfred D. Martin, Jr., | ) | Case No. 2:15-cv-3615-TMC-MGB |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Pvt. Jones, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This case is before the Court for initial review. Plaintiff Alfred D. Martin, Jr. is a detainee

at the Greenville County Detention Center ("GCDC") in South Carolina. He has filed a civil action

pursuant to 42 U.S.C. § 1983, and is proceeding *pro se* and *in forma pauperis*. This matter was

referred to the Magistrate Judge for review. Pursuant to the provisions of 28 U.S.C. §636(b)(1),

and Local Rule 73.02(B)(2), the Magistrate Judge is authorized to review the Complaint (DE# 1),

as supplemented and/or amended by his letter of March 9, 2016 (DE# 29),[1] and to submit findings

and recommendations to the District Judge. Upon review, the Magistrate Judge recommends that

the Complaint be **summarily dismissed** with prejudice, and without issuance and service of

process, for the following reasons:

## I.  Relevant Law

### A.  Standard of Review

Under established local procedure in this judicial district, the Magistrate Judge has

carefully reviewed this *pro se* prisoner complaint pursuant to 28 U.S.C. § 1915 and under the

_____

[1] On March 9, 2016, Plaintiff filed a one-page letter (dated Feb. 27, 2016) indicating that he is "amending these facts
as evidence to support the facts in this complaint part of this case as well as the relief part of this case." (DE# 29).
Plaintiff attached 45 pages of exhibits, including medical notes from GCDC appointments in 2015-2016.

following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Prison Litigation Reform Act ("PLRA") permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. 28 U.S.C. § 1915(a)(1). To protect against possible abuses of this privilege, the statute allows the court to dismiss the case upon finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte* "at any time." *Neitzke*, 490 U.S. at 319.

With respect to a failure to state a claim, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009).

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). However, "[t]he 'special judicial solicitude' with

which a district court should view ... *pro se* filings does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs., City of Baltimore.,* 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

### B.   The PLRA's 3-strike provision

The PLRA, at 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*See McLean*, 566 F.3d at 404. "[I]f a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed IFP but rather must pay up-front all filing fees for his subsequent suits." *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir. 2013), as amended (Oct. 22, 2013). This means that, after receiving three strikes, plaintiff will have to pay the full filing fee for almost any future non-habeas civil action he might wish to file. *Id*. at 610.

Plaintiff has previously filed several federal lawsuits against the same parties (Pvt. Jones, Major Sutton, and inmate Kough) based on the same facts. See D.S.C. Case Nos. 2:13-cv-1510 (dismissed with prejudice); 2:14-cv-1970 (summarily dismissing identical "failure to protect"

claim as barred by *res judicata*). Plaintiff is warned that if he continues to file pleadings that are frivolous, malicious, or fail to state a claim for which relief may be granted, he risks the accumulation of three strikes against him and the resulting denial of future requests for IFP status, absent exceptional circumstances.

## II.  The Complaint's Allegations

Although Plaintiff is presently detained at the Greenville County Detention Center, he complains of an incident that occurred over three years earlier while he was incarcerated at Broad River Correctional Institution in South Carolina. In his Complaint, Plaintiff alleges that "security was breached" in Congaree Dorm and that another inmate (Richard Kough) snuck up behind him and attacked him. According to Plaintiff, inmate Kough hit him with "locks taped together with boot strings" thereby causing several lacerations to Plaintiff's head. (DE# 1 at 3, ¶ IV "Statement of Claim").

Plaintiff attaches a copy of the incident report, which indicates that on February 18, 2012, Plaintiff was hit 2-3 times and "exchanged words" with inmate Kough. Officer Jones responded to the scene and accompanied Plaintiff to the medical facility. (DE# 1-1 at 4). According to the report, Plaintiff was bleeding, but entered the medical facility walking on his own with a steady gait, was speaking clearly, denied any headache or dizziness, and never lost consciousness. (*Id*.). Plaintiff attaches some medical records, which indicate that he was treated for several head lacerations (noted as being between 1 cm and 5 cm in diameter), but had no fracture. (*Id*. at 4-6). Plaintiff's lacerations were cleansed with saline, he was given a tetanus shot, and medical staff took his vitals and checked him repeatedly that day (at 12:45 p.m., 13:05 p.m., 14:00 p.m., 16:45 p.m., etc.). (*Id*.). Plaintiff was medically checked by the nurse and physician periodically after this incident. (*Id*. at 5, including medical visits on February 20, 21, 22, 24, 27). The notes from

Plaintiff's medical follow-up visit on March 9, 2012 indicate that Plaintiff still had "some" pain, but denied any numbness, weakness, or changes of vision. Plaintiff indicated he was able to work at his kitchen job "just fine," was able "to climb to his top bunk," was "fine taking Ibuprofen/Tylenol," and did not want any work restriction. (*Id.* at 6).

In his Complaint, Plaintiff alleges that the mental health doctor subsequently diagnosed him at some unspecified time as having "PTSP." (DE# 1 at 3).[2] Plaintiff indicates that he takes medication for such condition. Plaintiff does not complain of his medical care. In his Complaint, Plaintiff seeks to assert claims against the inmate who assaulted him in 2012 and two prison guards. Plaintiff asserts that "Pvt. Jones is guilty of reckless disregard and deliberate indifference and Major Sharon Sutton is guilty of the same." (*Id.*). Plaintiff indicates he is suing Pvt. Jones and Major Sutton, as well as Inmate Kough, in their official capacity. (*Id.* at 4). For relief, Plaintiff seeks $2,500,000.00 in damages. (DE# 1 at 5, ¶ V "Relief").

In his letter of February 27, 2016 (filed in the docket on March 9, 2016), Plaintiff indicates he wants to amend the facts "to support the facts in the complaint" and that he has a "permanent ongoing worsening condition of PTSD" allegedly from the 2012 prison incident (DE# 29). He alleges that while he was released, he only worked one full week and "had to stop because of my PTSD." (*Id.*). He attaches medical notes where he self-reported that he had worked for two weeks but was "unable to keep job due to anger." (DE# 29-1 at 34, notes dated January 30, 2016). Plaintiff also indicated that during the short period while he was not incarcerated, he sought disability

---

[2] Plaintiff is presumably referring to "PTSD" which is the acronym for post-traumatic stress disorder. Plaintiff was released from prison after this incident, but was subsequently re-incarcerated. Plaintiff attaches to his Complaint medical notes from March 7, 2014, where he reported that while he was out of prison, he was attacked "while at a club on the streets by approx. three individuals where he lost his right eye." (DE# 1-1 at 17-18). During his subsequent incarceration, Plaintiff reported "worsening hypervigilance" from that "club incident." (*Id.*). In his present Complaint, Plaintiff seeks to blame his PTSD on the 2012 prison incident.

benefits. (*Id*. at 44). In his letter, Plaintiff indicates that he wants "extra ordinary relief" but does not specify any additional relief. (DE# 29).

## III. Discussion

### A. The Complaint Fails to State a § 1983 Claim Because It is Time-Barred

The threshold dispositive question is whether this § 1983 lawsuit is time-barred. *See e.g., Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655–56 (4th Cir. 2006) (a court may consider the statute of limitations *sua sponte* when reviewing a complaint filed *in forma pauperis*).

The United States Supreme Court has held that because there is no federal statute of limitations for § 1983 actions, the analogous state statute governing personal injury actions applies. *Wilson v. Garcia*, 471 U.S. 261, 265-66, 280 (1985) (holding that the appropriate statute of limitations for § 1983 action was "the 3–year statute applicable to personal injury actions"); *Owens v. Okure*, 488 U.S. 235, 240-41(1989) ("a State's personal injury statute of limitations should be applied to all § 1983 claims"). In South Carolina, the statute of limitations for personal injury actions is three years. S.C. Code Ann. § 15-3-530(5) (Law. Co-op. Supp. 1992); *and see, e.g., Williams v. City of Sumter Police Dept*., Case No. 3:09–2486–CMC–PJG, 2011 WL 723148 (D.S.C. February 23, 2011) (concluding that plaintiff had three years in which to file § 1983 action).

Federal law governs the date on which the applicable statute of limitations begins to run. *Wallace v. Kato*, 549 U.S. 384, 396 (2007); *Owens v. Baltimore City State's Attorneys Office,* 767 F.3d 379, 389 (4th Cir. 2014), *cert. denied*, 135 S.Ct. 1983 (2015). The attachments to Plaintiff's Complaint indicate that he was assaulted on February 18, 2012. (DE# 1-1 at 4). Thus, Plaintiff's cause of action accrued on February 18, 2012, the date of his alleged personal injury. Over three years later, Plaintiff filed the present lawsuit. The record reflects that Plaintiff signed his Complaint

on August 26, 2015. While the record does not indicate the precise day that he placed his Complaint in the prison mailing system, the mailing envelope is stamped "September 8, 2015," when it was received by the Clerk of Court. (DE# 1-2). Even giving Plaintiff the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to district court), this case is time-barred by approximately seven months.[3] The record reflects that Plaintiff was aware that his claim had accrued in February 2012, as he indicated at a medical visit on April 2012, that he was "planning to sue SCDC for the event." (DE# 1-1 at 7).

### B. **Plaintiff's Claims are Barred by Res Judicata**

Plaintiff's § 1983 claims are also barred because he has previously filed several federal lawsuits raising the same claims against the same parties (Pvt. Jones, Major Sutton, and inmate Kough) based on the same facts. *See Martin v. Broad River Corr. Inst.*, Case No. 2:13–cv–01510–TMC-BHH, 2013 WL 4776576 (D.S.C. 2013), *affirmed by,* 568 F. App'x 216 (4th Cir. 2014) (affirming dismissal with prejudice); *Martin v. Jones*, Case No. 2:14-cv-1970-TMC-BHH (summarily dismissing identical "failure to protect" claim against same parties – Jones, Sutton, and Kough -- as barred by *res judicata*).[4]

On initial review, the Court may consider whether *res judicata* bars a plaintiff's claims. *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 209-210 (4th Cir. 2013) (citing *Arizona v. California*, 530 U.S. 392, 412 (2000)). The Fourth Circuit Court of Appeals has explained that consideration of such issue may be appropriate where, as here, a district court is charged with

---

[3] Any minor discrepancies in the date of filing would not affect the analysis here.

[4] In Case No. 2:13–cv–01510, Broad River Correctional Institution and inmate Kough were dismissed without prejudice. The rest of the case (against Pvt. Jones and Major Sutton) was dismissed with prejudice.

"screening initial filings, and dismissing those actions that plainly lack merit." *Id.* (citing *Eriline*, 440 F.3d at 656); *see also Ga. Pacific Consumer Prods., LP v. Von Drehle Corp.*, 710 F.3d 527, 535 (4th Cir. 2013) (a court may apply the doctrine *sua sponte* where "it has previously decided the issue presented"), *cert. denied*, 134 U.S. 393 (2013). Plaintiff's present claims arise out of the "same transaction" as the claims resolved in Plaintiff's prior cases, and thus, the judgment in the first lawsuit precludes re-litigation of the same claims here. *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009), *cert. dismissed*, 561 U.S. 1051 (2010); *Rodriguez v. Doe,* 549 F.App'x 141, 143 (4th Cir. 2013) (affirming dismissal based on *res judicata*); *Dupont v. County of Jasper*, Case No. 9:14–cv–3573–RMG, 2015 WL 1124680, *2 (D.S.C. March 12, 2015) (summarily dismissing based on *res judicata*). Plaintiff's Complaint is subject to summary dismissal.

## C. <u>Sovereign Immunity</u>

Plaintiff indicates he is suing two Defendants – prison officials Pvt. Jones and Major Sutton -- in their official capacity. (DE# 1 at 4). The Complaint also fails to state a claim against them because sovereign immunity protects the State itself, as well as its agencies, divisions, departments, officials, and other "arms of the State." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989); *see also Fed. Maritime Commission v. S.C. State Ports Auth.*, 535 U.S. 743, 760 (2002).[5] The United States Supreme Court has explained that a suit against a state official in his or her official capacity is "no different from a suit against the State itself." *Will*, 491 U.S. at 70-71; *see Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (holding that state official in

---

[5] Even if Plaintiff had sued these two Defendants in their individual capacity, Plaintiff's allegations against them are entirely conclusory and insufficient to state a plausible claim. Although courts liberally construe *pro se* complaints, a plaintiff must do more than make generalized and conclusory statements to state a claim. *Rice*, 40 F.3d at 74–75. He must allege specific facts that support a plausible claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003).

official capacity was immune from liability under § 1983 for monetary damages); *Jones v. SCDC*, Case No. 5:12–cv–03554–RBH-KDW, 2013 WL 3880175, *4 (D.S.C. July 26, 2013). The Eleventh Amendment protects states from suit whether money damages or injunctive relief is sought. *Seminole Tribe v. Florida*, 517 U.S. 44, 58 (1996) ("we have often made it clear that the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"). Plaintiff seeks monetary damages from state officials in their official capacity and does not ask for any injunctive relief. Jones and Sutton, in their official capacity, are protected by sovereign immunity, and thus, Plaintiff's Complaint is subject to summary dismissal.

These deficiencies in Plaintiff's Complaint (i.e. time-bar, *res judicata*, and sovereign immunity for official capacity claims) cannot be remedied through more specific pleading. *Adams v. Rice*, 40 F.3d 72, 76 n.1 (4th Cir. 1994) (holding that dismissal with prejudice was therefore appropriate), *cert. denied*, 514 U.S. 1022 (1995).

### D. <u>The Complaint Fails to State a § 1983 Claim Against Inmate Kough</u>

Additionally, Plaintiff's Complaint fails to state a claim against inmate Kough. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The United States Supreme Court has emphasized that the "under the color of state law" element excludes "merely private conduct." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). "The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999), *cert. denied*, 529 U.S. 1033 (2000).

Plaintiff indicates he is suing the third Defendant – inmate Kough -- in his "official capacity." (DE# 1 at 4). Inmate Kough is not a state employee, and it is therefore incorrect to refer to "official capacity" for him.  The present case involves purely private conduct by this inmate. Inmate Kough was not acting "under color of state law" when he assaulted the Plaintiff in prison. *See, e.g., Asbury v. Tartarsky*, Case No. No. 8:13–cv–3364–RMG-JPA, 2015 WL 1120081, *4 n.5 (D.S.C.) (observing that the "under-color-of-state-law element … reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments"), *affirmed by* 616 F.App'x 71 (4th Cir. Sept. 14, 2015); *Brunson v. FBI,* Case No. 3:08-2965-JFA-BM, 2008 WL 4511049 (D.S.C. Oct. 6, 2008) (explaining that "the United States Constitution regulates only the Government, not private parties"). The Complaint fails to state a plausible § 1983 claim against Kough because such inmate is not a state actor and was not acting under color of state law.

## IV.  Recommendation

Accordingly, the Magistrate Judge recommends that the Complaint be **summarily dismissed** with prejudice, and without issuance and service of process; the Complaint is time-barred, attempts to raise previously-adjudicated claims, seeks monetary relief against defendants who are immune from such relief, and fails to state a claim, and therefore, dismissal of this Complaint should count as a "strike" for purposes of 28 U.S.C. § 1915(g).

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

March 10, 2016
Charleston, South Carolina
Plaintiff's attention is directed to the **Important Warning** on the next page:

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).